UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EUNICE BROWN, | No. 1:15-CV-03219-JTR |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

**BEFORE THE COURT** are cross-Motions for Summary Judgment. ECF No. 21, 22. Attorney D. James Tree represents Eunice Brown (Plaintiff); Special Assistant United States Attorney Richard M. Rodriguez represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on February 19, 2012, Tr. 230, alleging disability since February 1, 2012, Tr. 196-209, due to a broken bone in his wrist,

ORDER GRANTING PLAINTIFF'S MOTION . . . - 1

depression, anxiety, pulling his hair out, and back pain, Tr. 234.   The applications were denied initially and upon reconsideration.  Tr. 126-133, 139-156. Administrative Law Judge (ALJ) Ilene Sloan held a hearing on February 13, 2014, and took testimony from Plaintiff and vocational expert Kimberly Mullinax.  Tr. 33-73.  The ALJ issued an unfavorable decision on June 12, 2014.  Tr. 19-28.  The Appeals Council denied review on November 3, 2015.  Tr. 1-6.  The ALJ's June 12, 2014, decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on December 31, 2015.  ECF No. 1, 4.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcript, the ALJ's decision, and the briefs of the parties.  They are only briefly summarized here.

Plaintiff was 29 years old at the alleged date of onset.  Tr. 203.  Plaintiff's last completed grade was the eighth in 1997.  Tr. 235.  At the time of his application, he was working as a caregiver for the State of Washington.  Tr. 234-235.  His prior work experience included the positions of telemarketer and youth coordinator through AmeriCorps.  Tr. 235.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The Court reviews the ALJ's determinations of law de novo, deferring to a reasonable interpretation of the statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error.  *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*. at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097. If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once the claimant establishes that physical or mental impairments prevent him from engaging in his previous occupations. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If the claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work, and (2) specific jobs exist in the national economy which the claimant can perform. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If the claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On June 12, 2014, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.

ORDER GRANTING PLAINTIFF'S MOTION . . . - 3

At step one, the ALJ found Plaintiff had engaged in substantial gainful activities from January 1, 2012, through March 31, 2012.  Tr. 21.  However, the ALJ also found that from April 1, 2012, through the date of her decision, Plaintiff had not engaged in substantial gainful activity since.  *Id*.  Therefore, she continued the sequential evaluation process.

At step two, the ALJ determined Plaintiff had the severe impairment of status post right wrist fracture.  Tr. 22.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  Tr. 23.

At step four, the ALJ assessed Plaintiff's residual function capacity and determined he could perform a range of medium work with the following limitations:

> He can frequently push/pull with his right upper extremity.  He has an unlimited ability to climb ramps and stairs.  He can never climb ladders, ropes, or scaffolding.  He has an unlimited ability to balance, stoop, kneel, and crouch.  He can never crawl.  He can frequently handle and finger with his right upper extremity.

Tr. 23.  The ALJ found that Plaintiff was able to his perform past relevant work as a child monitor and as a recreation aid.  Tr. 26.

In the alternative to a step four determination, the ALJ found at step five that, considering Plaintiff's age, education, work experience and residual functional capacity, and based on the testimony of the vocational expert, there were other jobs that exist in significant numbers in the national economy Plaintiff could perform, including the jobs of cleaner/housekeeper, industrial cleaner, and hospital cleaner.  Tr. 26-27.  The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date, February 1, 2012, through the date of the ALJ's decision, June

ORDER GRANTING PLAINTIFF'S MOTION . . . - 4

12, 2014.  Tr. 28.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff contends the ALJ erred by (1) failing to properly weigh medical opinions, (2) failing to find Plaintiff's psychological impairments severe at step two, and (3) failing to properly credit Plaintiff's testimony.

## DISCUSSION

### A.    Medical Opinions

In weighing medical source opinions, the ALJ should distinguish between three different types of physicians: (1) treating physicians, who actually treat the claimant; (2) examining physicians, who examine but do not treat the claimant; and, (3) nonexamining physicians who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).  The ALJ should give more weight to the opinion of a treating physician than to the opinion of an examining physician.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  Likewise, the ALJ should give more weight to the opinion of an examining physician than to the opinion of a nonexamining physician.  *Id.*

When an examining physician's opinion is not contradicted by another physician, the ALJ may reject the opinion only for "clear and convincing" reasons, and when an examining physician's opinion is contradicted by another physician, the ALJ is only required to provide "specific and legitimate reasons" to reject the opinion.  *Lester*, 81 F.2d at 830-831.

The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating her interpretation thereof, and making findings.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  The ALJ is required to do more than offer her conclusions, she "must set forth [her] interpretations and explain why they, rather

ORDER GRANTING PLAINTIFF'S MOTION . . . - 5

than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-422 (9th Cir. 1988).

### 1.    Mary C. Pellicer, M.D.

On May 21, 2012, Dr. Pellicer completed a physical consultative examination of Plaintiff diagnosing him with chronic right wrist pain with weakness and decreased range of motion status post fracture and repeated injuries, intermittent back and right should pain probably muscular in origin, and depression and anxiety with trichotillomania. Tr. 286. Dr. Pellicer opined that Plaintiff had no restrictions in standing, walking, or sitting, he could not lift or carry with his right hand, he could not crawl or climb, he could not manipulate with is right hand, and he was able to see hear, speak and travel independently and do all necessary daily self-care. *Id*.

The ALJ gave Dr. Pellicer's opinion "little to no weight" because the opinion was not consistent with her examination findings, she was only a one time examiner, she based her opinion on Plaintiff's unreliable self-reports, the opinion was inconsistent with Plaintiff's work history, and Dr. Pellicer was not able consider the credibility concerns raised at Plaintiff's hearing. Tr. 25-26.

The ALJ's first reason for rejecting Dr. Pellicer's opinion, that it was inconsistent with her evaluation results, is not supported by substantial evidence. The ALJ noted that Dr. Pellicer found only slightly decreased right wrist range of motion with no swelling or deformity and this failed to support a preclusion from any lifting, carrying, or manipulation with the right hand. Tr. 25. The evaluation showed a decreased radial deviation and extension on the right wrist, decreased sensation to light touch over the right forearm and hand. In coordination testing, the Plaintiff was considered slow and clumsy with complaints of pain when using the right hand, and in strength testing, Plaintiff had reduced strength on the right from the shoulders down to the handgrip. Tr. 285-286. Therefore, substantial evidence does not support the ALJ's conclusion that Dr. Pellicer's opinion was

inconsistent with her evaluation.

The ALJ's second reason for rejecting Dr. Pellicer's opinion, that it was the result of a one-time evaluation, is not legally sufficient. While this may be a reason to give Dr. Pellicer's opinion lessor weight than that of a treating physician, *see Lester*, 81 F.2d at 830, it is not a reason to reject an opinion outright.  This is especially the case here, where there was no treating physician and the only other opinions regarding physical limitations in the record are those of nonexamining state agency physicians.  *See* Tr. 79-83, 106-109.  As such, this reason is not legally sufficient to reject Dr. Pellicer's opinion.

The ALJ's third reason for rejecting Dr. Pellicer's opinion, that she based her opinion on Plaintiff's unreliable self-reports, is not legally sufficient.  An ALJ may discount the opinions of a treating provider because they were based "to a large extent" on the claimant's reports of symptoms, which the ALJ found not reliable; however, the ALJ must provide a basis for her determination that the treating provider's opinion was based "to a large extent" on the claimant's symptom reports.  *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014).  Here, the ALJ failed to provide a basis for her determination that Dr. Pellicer's opinion was based to a large extent on Plaintiff's self-reports.  Therefore, this reason is also not legally sufficient.

The ALJ's fourth reason for rejecting Dr. Pellicer's opinion, that her opinion was inconsistent with Plaintiff's work history, is not legally sufficient.  Here, the ALJ noted that the claimant was able to work despite his alleged symptoms for many years and that this was inconsistent with the opinion provided to Dr. Pellicer.  Tr. 24, 26.  Plaintiff's earnings record did show that he continued to earn substantial gainful activity after his alleged date of onset.  Tr. 227.  However, that earnings record dropped below substantial gainful activity levels after the first quarter of 2012.  *Id*.  Dr. Pellicer's evaluation is the only evidence of physical impairments in the record and it was completed on May 21, 2012, after Plaintiff's

earnings dropped in the second quarter of 2012. Therefore, there is no substantial evidence in the record to support the ALJ's conclusion that Plaintiff's impairment level was the same while Plaintiff worked as it was at the time of Dr. Pellicer's opinion.

The ALJ's final reason for rejecting Dr. Pellicer's opinion, that she was not able to consider the credibility concerns raised at Plaintiff's hearing, is not legally sufficient. As discussed above, a claimant's credibility becomes an issue in weighing medical source opinions when that opinion is to a large extent based on the claimant's self-reports. *See Ghanim*, 763 F.3d at 1162. Here the ALJ failed to state why she concluded that Plaintiff's statements were based on Plaintiff's self-reports. Therefore, the credibility of Plaintiff's testimony at the hearing is immaterial to the weight given to Dr. Pellicer's opinion.

Considering Dr. Pellicer's opinion is the only opinion regarding Plaintiff's physical impairments in the record of a provider who examined Plaintiff and the ALJ failed to provide legally sufficient reasons to reject her opinion, the case is remanded for the ALJ to readdress the opinion.

### 2.    Manuel Gomes, Ph.D.

On May 20, 2012, Dr. Gomes completed a psychological consultative evaluation of Plaintiff. Tr. 274-279. Dr. Gomes diagnosed Plaintiff with psychosis, a learning disability, and post-traumatic stress disorder (PTSD). Tr. 278. Dr. Gomes stated that "[t]his is an incomplete clinical picture because of the lack of any supportive secondary information. Thus, this report is based on evaluation of his self-reported current conditions only." *Id*. Dr. Gomes opined the following:

> The claimant has [a] mild impairment with his current status performing simple and repetitive tasks, but he has [a] severe impairment with his ability to perform complex, detailed tasks. Based on his mental confusion, he needed alternative explanations and repeats to respond to questions and accomplish tasks.

He has moderate severity in his ability to accept supervision and then only simple supervision from supervisors. He does not have a work history to indicate his past interactions with others or with his performance level.

There is marked[] impair[ment] in his ability to work comfortably without special or additional instructions. He has difficulty retaining data long enough to manipulate information. His concreate processing limited his processing of new information and thus requires additional specific instructions.

He would be markedly impairment in his ability to maintain regular attendance in the workplace. . . .

He has a moderate impairment with his ability to deal with the usual stresses encountered in the workplace. His cognitive deficits and mental confusion would further create severe impairment in his ability to deal with additional stressors normally encountered at the workplace.

Tr. 278-279. The ALJ gave "little weight" to the opinion of Dr. Gomes, stating that "[h]e predicated his opinion on diagnoses that do not constitute medical determinable or severe impairments," that he based the limitations on Plaintiff's unreliable self-report, and that his opinion was not consistent with Plaintiff's daily activities. Tr. 23.

The first reason the ALJ provided for rejecting Dr. Gomes' opinion, that it was predicated on diagnoses that do not constitute medically determinable or severe impairments, is not supported by substantial evidence. To establish the existence of a medically determinable impairment, the claimant must provide medical evidence consisting of "signs—the results of 'medically acceptable clinical diagnostic techniques,' such as tests—as well as symptoms." *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005), *citing* S.S.R. 96-4p. A claimant's own statement of symptoms alone is not enough to establish a medically determinable impairment. *See* 20 C.F.R. §§ 404.1508, 416.908. Dr. Gomes stated

ORDER GRANTING PLAINTIFF'S MOTION . . . - 9

that his evaluation lacked any supportive secondary information and that his report was based on an evaluation of Plaintiff's "self-reported current conditions only." Tr. 278. However, Dr. Gomes also completed a mental status examination. Tr. 275-278. When a symptom becomes observable apart from a claimant's statements through medical acceptable clinical diagnostic techniques, it becomes a sign. 20 C.F.R. §§ 404.1528, 416.928. Therefore, to the extent that Dr. Gomes' diagnoses is supported by the mental status examination, they meet the criteria of a medically determinable impairment. However, the existence of a medically determinable impairment does not equate to a severe impairment. Considering the case is being remanded to address Dr. Pellicer's opinion, the ALJ will also address the step two determination on remand.

The ALJ's second reason for rejecting Dr. Gomes' opinion, that it was based on Plaintiff's unreliable self-report, is legally sufficient. An ALJ may discount the opinions of a provider because they were based "to a large extent" on the claimant's reports of symptoms, which the ALJ found not reliable; however, the ALJ must provide a basis for her determination that the treating provider's opinion was based "to a large extent" on the claimant's symptom reports. *Ghanim*, 763 F.3d at 1162. Here, the ALJ found that Dr. Gomes based his opinion to a large extent on Plaintiff's self-report because Dr. Gomes stated so in his report. Tr. 23, 278. However, since this case is being remanded to address Dr. Pellicer's opinion regarding Plaintiff's physical impairments, the ALJ is further instructed to reconsider Dr. Gomes' opinion as well.

The ALJ's third reason for rejecting Dr. Gomes' opinion, that it was inconsistent with Plaintiff's daily activities, is not legally sufficient. A claimant's testimony about his daily activities may be seen as inconsistent with the presence of a disabling condition. *See Curry v. Sullivan*, 925 F.2d 1127, 1130 (9th Cir. 1990). The ALJ specifically found that Plaintiff's ability to spend time with his two children, read books to his daughter, help his son with homework, assist with

household chores, do his own laundry, and drive a car were inconsistent with the level of impairment opined by Dr. Gomes.  Tr. 23, 25.  Here, the ALJ failed to state how these activities are inconsistent with the limitations addressed by Dr. Gomes.  As such, upon remand, the ALJ is to readdress Dr. Gomes' opinion as well.

### 3.    Stage Agency Psychologists

On June 12, 2012, and July 3, 2012, state agency psychologists, Patricia Kraft, Ph.D., and Vincent Gollogly, Ph.D., determined that Plaintiff had the diagnoses of schizophrenia and other psychotic disorders, and anxiety disorders. Tr. 79-85, 106-111.  They opined that Plaintiff had a moderate limitation in the ability to understand and remember detailed instructions, stating that Plaintiff had the ability to understand and remember simple tasks.  Tr. 84, 110.  They opined that Plaintiff was moderately limited in the abilities to (1) carry out detailed instructions, (2) to sustain an ordinary routine without special supervision, and (3) to make simple work-related decisions, stating that Plaintiff "can attend and persist with simple tasks and may need special help and attention from his supervisor." Tr. 84, 110-111.  They further opined that Plaintiff had a moderate limitation in the ability to respond appropriately to changes in the work setting, stating that he can make simple work related changes.  Tr. 85, 111.

The ALJ gave their opinions "little weight" for the same reasons she gave Dr. Gomes' opinion little weight.  Tr. 23.  Considering these three opinions, Dr. Gomes', Dr. Kraft's, and Dr. Gollogly's, are the only psychological opinions in the file, the ALJ will reconsider all three opinions upon remand.

## B.    Step Two

Plaintiff challenges the ALJ's finding that Plaintiff's psychological disorders were not medically determinable impairments and not severe at step two.  ECF No. 21 at 4-8.

As discussed above, the determination that Plaintiff's alleged psychological

impairments are not medically determinable impairments is not supported by

substantial evidence.  As for the severity of those impairments, step-two of the

sequential evaluation process requires the ALJ to determine whether or not the

claimant "has a medically severe impairment or combination of impairments."

*Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted); 20 C.F.R.

§§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  "An impairment or combination of

impairments can be found 'not severe' only if the evidence establishes a slight

abnormality that has 'no more than a minimal effect on an individual[']s ability to

work.'"  *Id*. at 1290 (quoting *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988)

(adopting S.S.R. 85-28)).  The step-two analysis is "a *de minimis* screening device

to dispose of groundless claims."  *Smolen*, 80 F.3d at 1290.

In her decision, the ALJ noted that Plaintiff had a diagnosis of psychotic

disorder, PTSD, and learning disorder, but found that they did not qualify as a

medically determinable impairments and were not severe.  Tr. 22.  In coming to

this determination, the ALJ gave "little weight" to the opinions of Manuel Gomes,

Ph.D., and the state agency psychological consultants.  Tr. 23.  As discussed

above, the case is being remanded with instructions for the ALJ to readdress these

opinions.  Likewise, the ALJ is to readdress the step two determination regarding

Plaintiff's alleged mental health impairments.

## C.    Claimant's Subjective Statements

Plaintiff contests the ALJ's adverse credibility determination in this case.

ECF No. 21 at 11-20.

The evaluation of a claimant's statements regarding limitations relies, in

part, on the assessment of the medical evidence.  *See* 20 C.F.R. §§ 404.1529(c),

416.929(c); S.S.R. 16-3p.  Therefore, in light of the case being remanded for the

ALJ to address the medical source opinions of Dr. Pellicer and Dr. Gomes, a new

assessment of Plaintiff's subjective symptom statements is necessary in accord

with S.S.R. 16-3p.

1

**REMEDY**

2      The decision whether to remand for further proceedings or reverse and

3  award benefits is within the discretion of the district court.  *McAllister v. Sullivan*,

4  888 F.2d 599, 603 (9th Cir. 1989).  An immediate award of benefits is appropriate

5  where "no useful purpose would be served by further administrative proceedings,

6  or where the record has been thoroughly developed," *Varney v. Secretary of Health*

7  *& Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused

8  by remand would be "unduly burdensome," *Terry v. Sullivan*, 903 F.2d 1273, 1280

9  (9th Cir. 1990).  *See also Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014)

10  (noting that a district court may abuse its discretion not to remand for benefits

11  when all of these conditions are met).  This policy is based on the "need to

12  expedite disability claims."  *Varney*, 859 F.2d at 1401.  But where there are

13  outstanding issues that must be resolved before a determination can be made, and it

14  is not clear from the record that the ALJ would be required to find a claimant

15  disabled if all the evidence were properly evaluated, remand is appropriate.  *See*

16  *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211

17  F.3d 1172, 1179-80 (9th Cir. 2000).

18      In this case, it is not clear from the record that the ALJ would be required to

19  find Plaintiff disabled if all the evidence were properly evaluated.  Further

20  proceedings are necessary for the ALJ to properly address the medical source

21  opinions in the file, Plaintiff's mental health impairments at step two, and

22  Plaintiff's subjective statements in accord with S.S.R. 16-3p.  The ALJ will also

23  need to supplement the record with any outstanding medical evidence and call a

24  medical expert, a psychological expert, and a vocational expert to testify at a

25  supplemental hearing.

**CONCLUSION**

26

27      Accordingly, **IT IS ORDERED:**

28      1.      Defendant's Motion for Summary Judgment, **ECF No. 22**, is

ORDER GRANTING PLAINTIFF'S MOTION . . . - 13

**DENIED**.

      2.     Plaintiff's Motion for Summary Judgment, **ECF No. 21**, **GRANTED**, and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

      3.     Application for attorney fees may be filed by separate motion.

      The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  **Judgment shall be entered for Plaintiff** and the file shall be **CLOSED**.

      DATED March 2, 2017.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION . . . - 14